**KESSLER et al. v. PETTIBONE–MUL-LIKEN CORP. et al.**

**Civ. No. 383.**

United States District Court
N. D. Iowa, Cedar Rapids Division.

Dec. 31, 1952.

Carlton Hill and Donald J. Simpson, of Chicago, Ill., and Beahl T. Perrine, of Cedar Rapids, Iowa, for plaintiffs.

Warren C. Horton, Louis Robertson and Fred Gerlach, of Chicago, Ill., and V. Craven Shuttleworth, of Cedar Rapids, Iowa, for defendants.

GRAVEN, District Judge.

Findings of Fact

1. This is a suit under the patent laws of the United States charging the defendants with infringement of United States Letters Patent No. 2,373,691 issued to Lee H. Kessler on April 17, 1945, pursuant to an application filed May 13, 1940, and United States Letters Patent No. 2,486,421 issued to Lee H. Kessler on November 1, 1949, pursuant to an application filed July 1, 1943. The patents are for a "Stone Crushing Apparatus" and for a "Double Impeller Impact Breaker" respectively. The plaintiffs Lee H. Kessler, Harriet F. Derrick, Nellie H. Kessler, and Norman H. Kessler are the owners of the legal titles to those patents, and the plaintiff Iowa Manufacturing Company is the owner of the equitable title of the patents in suit by virtue of an exclusive license agreement dated February 25, 1950.

2. The defendant Universal Engineering Corporation is an Iowa corporation having its principal office and place of business at Cedar Rapids, Linn County, Iowa. The defendant Pettibone-Mulliken Corporation is a Delaware corporation having its principal office and place of business at Chicago, Illinois. That defend-

ant is the parent corporation and sole owner of the defendant Universal Engineering Corporation. The defendant Universal Engineering Corporation within six years prior to the filing of this action has been manufacturing impact crushing machines and the defendant Pettibone-Mulliken Corporation within that same period has been selling those machines to purchasers in different parts of the country.

3. The machines which the defendants have been manufacturing and selling in this district which the plaintiffs claim infringe the patents in question are illustrated in the following drawings of plaintiffs' Exhibit "E": HR1000, HR3001, HR2001–34, HR2002, HR3008 (1 to 6, inclusive), E976–89, E976–90, C976–56, C976–47, C976–67. The accused machines are exemplified in the literature of the defendants which was introduced into evidence as plaintiffs' Exhibits "F" and "V", which machines were referred to as "The 3240 Impact Master" and "The 4250 Impact Master".

4. The Kessler Patent No. 2,373,691 contains seven claims of which claims 3, 4, 5, 6, and 7 are at issue in this case. The Kessler Patent No. 2,486,421 contains eight claims of which claim 1 is at issue in this case.

5. It is the claim of the defendants that the patents in question are invalid because of lack of invention. It is the further claim of the defendants that if that contention be not upheld the patents in question are only valid as to the specific arrangement of three sets of stationary impact bars which feature is not infringed by the accused machines.

6. The crushing machine of Kessler Patent No. 2,373,691 consists of an irregularly shaped box having an opening for stone to be crushed near the top and a discharge for crushed stone near the bottom. It contains an inclined plate in one side wall to bear some of the weight of the incoming stone. One rotor, extending crosswise of the machine and bearing a plurality of regal blades protruding from the rotor surface, is located in the lower portion of the machine in such a position as to intercept unbroken stone and strike

it, breaking it by impact and impelling it toward three series of stationary impact bars specifically located at various points within the structure to intercept and return large pieces of stone for further reduction. The last set of bars is arranged so as to function as a screen to discharge to the outlet of the machine such fragments of stone as have been reduced to a desired size.

7. The crushing machine of Kessler Patent No. 2,486,421 is similar to the machine of Kessler Patent No. 2,373,691. However, in Kessler Patent No. 2,486,421 there are two rotors located between the inlet and the outlet. There are spaced impact bars arranged in specific locations immediately above each rotor near the top of the breaking chamber above each rotor and along the sides of the casing running from a point below the center of the rotors substantially to the top of the casing on both sides. The two rotors are arranged to be rotated in opposite directions intercepting the stone fed into the casing, breaking it by impact and impelling it toward three series of stationary impact bars located at various points within the structure to intercept and return large pieces of stone for further reduction. The last set of bars is arranged so as to function as a screen to discharge to the outlet of the machine such fragments of stone as have been reduced to a desired size.

8. It is the claim of the plaintiffs that each of the Kessler patents illustrates, describes, and claims an invention having the following ten salient and distinctive features or elements:

(a) One or more massive rotors mounted to be driven at high speed within a casing, each of which constitutes a single rigid kinetic unit.

(b) Such rotor or rotors shall have radially projecting, widely spaced, rigid impact blades extending uninterruptedly across the casing except for operating clearances at each end.

(c) A feed opening shall be arranged above the rotor or rotors and a discharge shall be provided below the rotor or rotors.

(d) The upper part of the rotor or rotors shall be located in the lower part of the

casing with the rotor or rotors forming a part of the lower boundary of a suspension breaking chamber.

(e) At least at one end of a casing there shall be provided two sets of stationary impact bars against which stone is thrown by a rotor or rotors, and both sets of which serve the dual function of being breaker bars and screening members,—one set being above the top rotating surface of the rotor or rotors.

(f) The arrangement of the above components shall be such that material dropped in the path of the rotating rotor or rotors is hurled upwardly in a trajectory path over the top of the rotor or rotors against a set of stationary impact bars.

(g) Material which is insufficiently reduced is returned to the rotating rotor or rotors where it is reactivated.

(h) Crushing takes place in three general zones—the first zone being in the vicinity where incoming material is first hit by a rotor—the second zone being in front of the upper set of stationary impact bars—the third zone being in the region of the lower set of stationary impact bars.

(i) Crushing takes place by the impact of material against the rotor or rotors, the impact of material against material, and the impact of material against the stationary impact and screening bars.

(j) All reduction of stone takes place substantially above the horizontal plane of the rotor axis or axes.

9. The defendants' accused machines models No. 3240 and 4250, while different in size, contain substantially the same features or elements. They have a casing having an upper inlet and a discharge outlet at the bottom of the casing. Two rotors rotating in the same direction are located in the casing between the inlet and the outlet and have rigid blades which strike and break by impact stone fed to them by gravity, impelling the broken stone against a set of screen bars through which stone broken to desired size is discharged to the outlet and from which oversize stone is deflected back to the rotors. Two sections of the bar screen are separated by a strip-

per bar which prevents most oversize stone from being carried around to a lower screen section by the second rotor. The machines have one set of stationary bars at the end of the casing which functions only as a screen. The machines do not have the three sets of stationary impact bars described in Kessler Patent No. 2,373,691 and the bars in the defendants' accused machines are not located as described in that patent. The defendants' accused machines do not have any bars at one end wall of the casing as described in Kessler Patent No. 2,486,421.

10. Stone crushing machines of various types and kinds were manufactured for many decades prior to the patents in question. The crushing of stone by means of impact is of long standing. The reception of stone into a crusher by means of an upper opening and lower outlet and the breaking of it by impact furnished by rotors, stationary bars, or by other pieces of stone was old and well-known in the art prior to the patents in question. The patents in question are a combination of old elements, all of which were old and well-known in the art prior to the patents in question. The arrangement and the form of the different elements was and is a matter of engineering choice. The patents in question were and are lacking in invention because of the state of the prior art. The state of the art prior to the patents in question was such that a skilled workman with that art before him could have constructed the machines of Kessler Patent No. 2,373,691 and No. 2,486,421.

11. The United States Patent Office granted the patents in question apparently based upon the view that the arrangement and location of the stationary impact bars constituted invention. This court is of the view, and finds, that such did not constitute invention. However if such should be regarded as constituting invention, then the defendants' accused machines did not infringe because the arrangement of the bars in the defendants' accused machines was not similar to the machines of Kessler Patent No. 2,373,691 and No. 2,486,421.

12. The circumstances are not such as to justify an award of attorney's fees to the defendants.

### Conclusions of Law

1. That this court has jurisdiction of the subject matter of this action and the parties thereto.

2. That Kessler Patent No. 2,373,691 is invalid as lacking in invention.

3. That Kessler Patent No. 2,486,421 is invalid as lacking in invention.

4. That if Kessler Patent No. 2,373,691 be not invalid, it is not infringed by the defendants' accused machines.

5. That if Kessler Patent No. 2,486,421 be not invalid, it is not infringed by the defendants' accused machines.

6. That no award of attorney's fees should be made to the defendants.

### Order for Judgment

It Is Hereby Ordered that judgment shall be entered dismissing the plaintiffs' complaint with prejudice and rendering final judgment in favor of the defendants and assessing the taxable costs of the action against the plaintiffs.